**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DAVID LYNN MOSS,        )  <br>      ID # 1457658,        )  <br>            Petitioner,        )  <br> vs.                                                )  <br>                                                       )  <br> RICK THALER, Director,        )  <br> Texas Department of Criminal        )  <br> Justice, Correctional Institutions Division,   )  <br>            Respondent.        ) | No. 3:11-CV-0411-M (BH)  <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I.  BACKGROUND**

On February 23, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for sexual assault of a child in cause F06-61826-P. Respondent is Rick Thaler, Director of TDCJ-CID.

**A.      Factual and Procedural History**

On February 20, 2006, the State indicted petitioner for sexual assault of a child on or about June 29, 2005. (Clerk's Record ("C.R."):2-3). He pleaded not guilty and was tried before a jury on July 30-August 2, 2006. (C.R.:6-8). The evidence presented at trial, as recounted by the state appellate court, is as follows:

> The record contains evidence that J.T. lived with her mother ("Mother") and her stepfather, Moss, for about eight years. J.T. testified that Moss had sexual intercourse with her on numerous occasions; however, she could only remember the details of one incident on June 29, 2005. J.T. testified that she was home alone with Moss, lying on a living room couch watching television. Moss

>came into the room, stood up in front of her, pulled down her shorts and his own pants, and had sexual intercourse with her.
>
>Additionally, J.T. testified that Moss exposed himself to her and touched her in inappropriate ways "in her younger days." Also, in July 2005, J.T., then fifteen, revealed to Mother and other relatives that she was pregnant and that Moss was the father. J.T. gave birth to a full-term baby girl on January 2, 2006; thus, the child was conceived in approximately March 2005. DNA testing showed a greater than 99.99% chance that Moss was the father.

*Moss v. State*, 2008 WL 2808934, No. 05-07-01107-CR, slip op. at *1 (Tex. App.–Dallas, July 22, 2008, pet. ref'd). The jury found petitioner guilty, and after he pled true to two enhancement paragraphs, the trial court sentenced him to life imprisonment. (C.R.:8-10, 68).

On direct appeal, petitioner alleged that the evidence was legally and factually insufficient to support his conviction and that the trial court erred in excluding certain evidence. Petitioner's conviction was affirmed on direct appeal, and his petition for discretionary review was refused on November 19, 2008. *See* PD-1165-08.

Petitioner filed a state habeas application on December 16, 2009, raising the same claims as in his federal petition. (State Habeas Transcript "S.H.Tr." at 7-20). On October 21, 2010, the state habeas court issued findings recommending that relief be denied. (*Id*. at 57-67). On January 19, 2011, the Texas Court of Criminal Appeals denied his state application on its merits without a written order based on the trial court's findings. *See Ex parte Moss*, WR-31,051-02 (Tex. Crim. App. January 19, 2011).

**B.    Substantive Claims**

On February 23, 2011, petitioner filed his federal habeas petition ("Pet.") and a memorandum in support ("Mem.") raising the following grounds for relief:

(1) there is no evidence to support his conviction, and the trial court erred in denying the

2

defense's motion for directed verdict (grounds one and two);

(2) his trial attorney rendered ineffective assistance of counsel by:

-failing to inform petitioner about a plea agreement in a timely manner (ground nine);

-failing to investigate and obtain witnesses and evidence (ground ten);

-failing to request a hearing regarding the outcry witness (ground three); and

-failing to request a jury charge on involuntary intoxication (ground eleven);

(3) the trial court erred by:

-ruling that testimony by the complaining witness regarding medications given to petitioner was inadmissible (ground five); and

-failing to *sua sponte* give a jury instruction on involuntary intoxication (ground eight);

(4) the State erred by:

-failing to consider the defense's theory (ground four);

-failing to call a rebuttal witness to prove or disprove petitioner's testimony (ground six); and

-failing to call the proper outcry witness (ground seven).

(Pet. at 5-9). Respondent filed a response on July 18, 2011, and provided the state court records. Petitioner filed a reply brief on September 16, 2011.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

3

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry

should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  SUFFICIENCY OF THE EVIDENCE

In his first and second grounds for relief, petitioner asserts that there was no evidence presented at trial to support his conviction, and that the trial court erred in denying the defense's motion for directed verdict at the conclusion of the state's case in chief. (Pet. at 5; Mem. at 3-7).

A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence"). Likewise, a claim that a trial court erred in failing to grant a motion for a directed verdict is merely another way of alleging that the evidence is insufficient to support the verdict. *See Gatrell v. Lynaugh*, 833 F.2d 527 (5th Cir. 1987) ("[C]laims that the trial court erred by denying his motions for directed verdicts merely state in different words his claims that the evidence is insufficient to support the

5

convictions."). Therefore, petitioner's first two grounds for relief are addressed together as a claim that the evidence is legally insufficient to support his conviction for sexual abuse of a child.[1]

"A criminal defendant has a federal due process right to be convicted only upon evidence that is sufficient to prove beyond a reasonable doubt the existence of every element of the offense." *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992). Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson,* the Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.*

Petitioner alleges that the facts presented by the State at trial do not match what was charged in the indictment. In particular, he contends that the State did not present evidence that he sexually assaulted the complainant on June 29, 2005, but instead presented evidence that he is the father of a child conceived in March of 2005. He also questions the complainant's credibility because she testified that she was unable to remember the specifics of any assaults prior to June 29, 2005. (Mem. at 4-7). When the state appellate court addressed petitioner's sufficiency claim, that court concluded that a rational trier of fact could have found petitioner guilty of the elements of the offense,

---

[1] Respondent contends that petitioner's second ground is procedurally barred because it was not, and could have been, raised on direct appeal. (Resp. at 15-16). Because his second ground is actually duplicative of his claim that the evidence is insufficient to support his conviction (a claim raised on direct appeal), the Court does not address the question of whether it is procedurally barred.

6

including the appropriate *mens rea* of intentionally or knowingly, beyond a reasonable doubt based on the testimony of the complainant that petitioner had sexual intercourse with her on June 29, 2005 alone. This is not an unreasonable application of the *Jackson* standard.

Under Texas law, a person is guilty of the sexual assault of a child if he knowingly or intentionally causes the penetration of the sexual organ of a child under seventeen years of age by any means. TEX. PENAL CODE. ANN. § 22.011(a)(2)(A), (c)(1) (West 2003). Petitioner complains that the DNA evidence presented at trial, which established that there is a 99.99% chance that he is the father of a full-term child born to the complainant in January of 2006, proves only that he had sex with the complainant in March of 2005. While this DNA evidence is evidence that petitioner had sex with a fifteen-year-old child, there was additional testimony from the complainant herself that petitioner pulled down her pants and his own on June 29, 2005, and had sex with her, and that she was fifteen at that time and not married to petitioner. (R. 3:14-18). While petitioner questions her credibility with regard to that date because she could not remember specifics of other sexual assaults by petitioner, the jury as the fact-finder was responsible for weighing the evidence and resolving conflicts in testimony, and a court cannot substitute its view of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Petitioner's first and second grounds for relief are without merit and should be denied.

### IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his third and ninth through eleventh grounds for relief, petitioner claims that his trial counsel was ineffective by failing to: inform petitioner about a plea agreement in a timely manner (ground nine); investigate and obtain witnesses and evidence (ground ten); request a hearing regarding the outcry witness (ground three); and request a jury charge on involuntary intoxication

7

(ground eleven).

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.     Plea Bargain**

In his ninth ground for relief, petitioner contends that his trial counsel was ineffective for failing to inform him of a plea bargain in a timely manner. He claims he was only given five minutes to decide whether to discuss the plea bargain offer and that he would have accepted the offer had he known about it prior to trial and been given "a couple of days" to talk to his job and family. He further asserts that his attorney failed to advise him of the "improbability of an acquittal" and to advise him of the benefits of the offer versus the sentence he faced if convicted. (Mem. at 14-15).

At the state habeas level, petitioner's trial counsel provided an affidavit stating that he informed petitioner of all plea bargains made to him in his case and that he recalled that one offer was communicated on the record and rejected by petitioner. (S.H.Tr.:68). Counsel was able to meet with petitioner several times because petitioner was out on bond. Petitioner had several defensive theories, including that he did not commit the assault, that he was involuntarily intoxicated, and that it was a mistake that occurred during group sex with his wife. *Id.*

During a pre-trial hearing held on July 30, 2007, the prosecutor stated on the record that the State's plea recommendation was thirty-five years. (R. 2:7). The trial court asked whether that offer had been communicated to petitioner, and counsel stated, "Judge, it's been quite some time since we talked about the plea bargain. I don't even remember talking about a recommendation with Mr. Moss, so we'd like to be able to consider that today if the Court would give us just a little bit of time while we do other matters that we're doing." *Id.* After a recess, counsel stated on the record that petitioner rejected the offer. *Id* at 7-8.

The state habeas court found counsel's affidavit credible and worthy of belief, that petitioner was informed prior to trial about a plea bargain offer of thirty-five years, and that petitioner was

9

given time to discuss the offer with his attorney. It concluded that counsel did inform petitioner of the offer in a timely manner and that ineffective assistance had not been proven. (S.H.Tr.:64-67).

The state court's decision is not an unreasonable application of the *Strickland* standard. The Fifth Circuit has recognized that failing to inform a defendant of a plea offer could be ineffective assistance of counsel. *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995). The state habeas court found that counsel informed petitioner of the plea offer in a timely manner, and Petitioner has failed to rebut the presumption of correctness afforded this finding by clear and convincing evidence. The record reflects that he was informed of at least one plea offer and was given time to confer about this offer. He has not presented evidence that there was any plea offer made that was not communicated to him promptly. While petitioner asserts that he did not have time to attend to his affairs prior to accepting a plea, the record shows that he was out on bond up until the day he testified. (C.R.:7, 44). Petitioner also testified at trial that he was working as a tow-truck driver and living at his parents' house at the time of his trial. (R. 4:16-17, 19). The record does not support his claim that the lack of additional time to consider a plea bargain prevented him from addressing his personal affairs. As for petitioner's claim that his attorney was ineffective for failing to specifically advise him to accept the plea bargain, counsel's affidavit explains that petitioner maintained his innocence and/or had several defensive theories. Even assuming his attorney gave him no specific advice regarding the plea offer during their off-record discussion, petitioner has not shown that he would have followed any advice to accept a thirty-five year plea offer. His ninth ground for relief lacks merit.

**B.** **Failure to Investigate and Present Evidence**

In his tenth ground for relief, petitioner alleges that his trial counsel was ineffective for failing to investigate and obtain evidence before trial and for failing to present certain evidence. In

10

particular, petitioner faults counsel for not seeking exculpatory evidence, for not obtaining the DNA test report, and for resting the defense's case because his investigator had failed to return with subpoenaed evidence. (Mem. at 15).

In his affidavit, defense counsel states that he investigated the case by reviewing all police reports and other discovery provided by the prosecution and speaking with petitioner's previous attorney and petitioner himself. (S.H.Tr.:68). He filed a motion for discovery that was granted. The motion sought an order that the State produce and permit counsel to examine all scientific tests, including DNA tests. (C.R. 32). Counsel also filed a motion that was granted to require the State to provide all potentially exculpatory or mitigating evidence. *Id* at 35-37. Counsel was provided a copy of the DNA report. (R. 2:10). After petitioner testified, counsel stated on the record and outside of the presence of the jury that his investigator had returned with the results of three separate subpoenas he had issued. Counsel further stated that after reviewing that evidence and speaking with two people he was considering calling as witness, he was resting the defense's case. (R. 4:54-55). The state habeas court concluded that petitioner had failed to meet his burden of proof with respect to this claim.

The state court's decision is not an unreasonable application of the *Strickland* standard or contrary to federal law. While petitioner asserts that counsel did not obtain the DNA report and did not seek exculpatory evidence, the record shows otherwise. The record also reflects that contrary to petitioner's assertions, counsel met with petitioner and spoke to other potential witnesses, and the defense investigator successfully obtained evidence after serving subpoenas. Petitioner has not shown that counsel was ineffective for failing to investigate.

With regard to the claim that his attorney was ineffective for failing to present evidence, the

Fifth Circuit has held that complaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). The record reflects that counsel made the strategic decision not to present additional evidence at trial after reviewing evidence and interviewing two witnesses. Petitioner has not alleged, much less shown, how any additional evidence or witness would have benefitted his defense. His tenth ground is without merit.

**C.    Outcry Witness**

In his third ground for relief, petitioner alleges that his trial counsel was ineffective for failing to request a hearing regarding the outcry witness who testified at his trial and for failing to object to the hearsay testimony given by this witness. (Mem. at 7-8).

At petitioner's trial, Brigatte Whatley testified that she asked the complainant, her niece, whether or not she had a boyfriend after finding out that she was pregnant. When the complainant told her that she did not have a boyfriend, Whatley asked her "[who] is it", and complainant said it was petitioner. Whatley testified that the complainant told her that petitioner had sexually assaulted her several times, that it had been going on for a while, that in her "younger days" he would show her his private parts and rub on her, and that she had become numb to the situation. (R. 3:72-74). Whatley further testified that the complainant has a "slow-learning disability." *Id*. at 75.

Petitioner's attorney cross-examined Whatley on several issues. *Id*. at 75-78.

The jury was instructed that evidence of extraneous acts committed by petitioner against the complainant could not be considered for any purpose unless the jury believed beyond a reasonable doubt that petitioner committed the acts and could only be considered for its bearing on petitioner's motive or intent, petitioner's or the complainant's state of mind, or the previous or subsequent relationship between the two. (C.R.:59).

The state habeas court found that it was error for Whatley to testify and that defense counsel was therefore ineffective for failing to object to her testimony as hearsay, but that petitioner was not prejudiced because the complainant had testified to the same information. Therefore, Whatley's testimony was cumulative. (S.H.Tr.:60-61).

The state habeas court's conclusion is not contrary to federal law. Under Texas state law, a statement made by the complainant to the first adult other than the defendant describing the alleged offense in a prosecution for sexual assault of a child under fourteen is not inadmissible hearsay if the State provides proper notice to the defense that it intends to offer the statement and a hearing is conducted outside the presence of the jury regarding the reliability of the statement. *See* TEX. CODE. CRIM. PROC. ANN. Art. 38.072 (West 2011).[2] However, evidence of extraneous offenses or acts committed by a defendant against the complainant is admissible in a trial where the defendant is accused of the sexual assault of a child under seventeen where it is relevant to the state of mind of the defendant and the child and the previous and subsequent relationship between the two. *See* TEX. CODE. CRIM. PROC. ANN. Art. 38.37 (West 1995).

---

[2] At the time of petitioner's trial, such outcry statements were admissible in sexual assault cases where the complainant was twelve years or younger at the time of the offense. TEX. CODE CRIM. PROC. ANN. Art. 38.072 (West. 1995).

13

During a pre-trial hearing, the prosecutor stated his intent to offer testimony concerning prior "incidents" between petitioner and the complainant because petitioner was the father of the complainant's child. Defense counsel stated his belief that such evidence would be admissible, and the trial judge stated that extraneous offenses by petitioner that relate to the complainant and are one continuing course of conduct would be allowed into evidence. (R. 2:13-14).

Petitioner has not shown that his attorney was ineffective for failing to request a hearing regarding, or object to, Whatley's testimony. She testified about extraneous acts committed by petitioner against the complainant, not about the incident for which he was prosecuted. Therefore, she was not testifying as an outcry witness for the State. Evidence of such acts is admissible, and the jury was properly charged with regard to this testimony. Furthermore, while defense counsel could have objected to the relevancy of her testimony, the trial judge had stated during a pre-trial hearing that she considered such evidence to be relevant. Therefore, counsel was not ineffective for failing to make this objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to make meritless objections or motions does not constitute deficient performance). Finally, as found by the state habeas court, the testimony was cumulative of both the complainant's testimony and the DNA evidence that revealed that petitioner was the father of the complainant's child. (R. 3:19-20, 26, 28-29, 40-42, 82-93). Defense counsel was not ineffective in this regard.

**D.    Jury Charge**

In his eleventh ground, petitioner claims his attorney was ineffective for failing to request a jury charge on involuntary intoxication. He contends that he was entitled to this charge based on his testimony that he took several pills for a toothache (including Valium and ibuprofen) that were given to him by his wife (the complainant's mother) in March of 2005, and the complainant and his

14

wife later told him he had sex with the complainant.  (Mem. at 8-9; R. 4:43, 47, 52).

Petitioner's counsel states in his affidavit that an intoxication defense did not apply because the time period petitioner claimed he was intoxicated did not match the time period in which the complainant testified she was assaulted. (S.H.Tr.:68).  The state habeas court concluded that trial counsel was not ineffective for failing to request a charge on involuntary intoxication because there was no evidence that he took the medication under duress or without his knowledge, and because petitioner's intoxication in March of 2005 was not a defense for conduct alleged to have occurred in June of 2005.  *Id*. at 66.  This conclusion is not an unreasonable application of federal law.

Texas law provides that voluntary intoxication does not constitute a defense to the commission of a crime, but that evidence of temporary insanity caused by involuntary intoxication can be an affirmative defense to prosecution.  TEX. PENAL CODE ANN. §§ 8.01(a), 8.02(a) (West 1993). However, involuntary intoxication is only a defense to criminal culpability when a defendant shows that he exercised no independent judgment or volition in taking the intoxicant and as a result he did not know that his conduct was wrong or was incapable of conforming his conduct.  *Spriggs v. State*, 878 S.W.2d 646, 649 (Tex. App.–Corpus Christi 1994, no pet.), *citing Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim. App. 1979).  Petitioner did not testify that he became intoxicated involuntarily, and he did not testify that he was intoxicated in June of 2005, when the complainant testified she was sexually assaulted.  His attorney was not ineffective for failing to request a charge to which he was not entitled.  Petitioner's ineffective assistance of counsel claims are without merit.

## V.  TRIAL ERROR

In his fifth ground, petitioner alleges that the trial court erred in ruling that testimony by the complaining witness regarding medications given to petitioner was inadmissible.  In his eighth

15

ground he asserts that the court erred in failing to *sua sponte* give a jury instruction on involuntary intoxication. (Pet. at 7; Mem. at 10, 12-13).

### A. Evidence Regarding Medications

At trial, defense counsel attempted to question the complainant during cross-examination about her mother's access to drugs and medications. The State objected that the questions were not relevant, and a hearing was conducted outside the presence of the jury, where counsel was permitted to question the complainant on this subject. She testified that her mother had painkillers from her aunt and a doctor and had given petitioner some of this medication when "his head hurt." The trial court sustained the State's relevancy objection. (R. 3:31-35).

On direct appeal, the state appellate court held that the testimony was not relevant because petitioner contended that the evidence was relevant to whether he had taken painkillers in March when the complainant conceived her child. Whether he had the requisite *mens rea* in March had no relevance to the charge that he sexually assaulted the complainant in June. *Moss*, slip op. at 6. This decision is not contrary to federal law.

As in federal court, under Texas state law, irrelevant evidence is inadmissible. TEX. R. EVID. 402. The trial court determined that this testimony was not relevant evidence. Federal habeas proceedings do not afford review of a state court's interpretation of its own law. *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). Instead, a petitioner is entitled to federal habeas relief due to trial error only if such error is not harmless within the meaning of *Brecht v. Abrahamson*, *i.e.*, "the error 'had substantial and injurious effect or influence in determining the . . . verdict.'" 507 U.S. 619, 637-38 (citation omitted).

> [U]nder *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contrib-

16

> uted to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the *Brecht* standard, of the error, then we must conclude that it was harmful.

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999) (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show that the error actually prejudiced him. *Brecht*, 507 U.S. at 637.

Petitioner has not shown trial error, much less any prejudice. He has not shown that evidence of his alleged intoxication in March 2005 had any relevance where he was charged with a specific sexual assault in June 2005. He has failed to show any prejudice because he has not shown he would not have been convicted if this testimony been admitted. To the contrary, petitioner testified at some length about the prescription drugs he took in March (R. 4:23-27), and he was convicted of a sexual assault that occurred in June. Petitioner's fifth ground is without merit.

**B.    Involuntary Intoxication Instruction**

In his eighth ground, petitioner asserts that the trial court erred because it failed to *sua sponte* instruct the jury on involuntary intoxication. Respondent asserts that this claim is both procedurally defaulted and without merit.

When petitioner raised this claim at the state habeas level, the court found that the claim was both without merit and an improper claim because it should have been, as was not, raised on direct appeal. (S.H.Tr.:64). In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner can establish either "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). To satisfy the independent and adequate requirements, the dismissal of a

17

claim must "clearly and expressly" indicate that it rests on state grounds which bar relief, *and* the bar must be strictly and regularly followed by state courts and applied to the majority of similar claims. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001), *citing Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995). The Fifth Circuit has held that a claim is procedurally defaulted if the state habeas court explicitly found that the claim could have, but was not, raised on direct appeal, unless one of the exceptions has been met. *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006). This claim is procedurally defaulted unless petitioner can meet one of the exceptions; he has not. As noted, petitioner was not entitled to an instruction on involuntary intoxication, and therefore the trial court did not err in failing to give one. Petitioner's eighth ground for relief is also without merit.

## VI. PROSECUTOR ERROR

In his fourth, sixth and seventh grounds for relief, petitioner alleges that the State erred in failing to consider the defense's theory, failing to call a rebuttal witness to prove or disprove petitioner's testimony, and failing to call the proper outcry witness. (Pet. at 6-7, Mem. at 8-13).

The state habeas court held that the first two of these claims are without merit and that the last one was both an improper claim on habeas review and without merit. (S.H.Tr.:61-64). These conclusions are not contrary to federal law.

With regard to petitioner's claims that the State erred in failing to consider his defensive theory that he was intoxicated at the time of the sexual assault and to call a rebuttal witness to prove or disprove his testimony, petitioner has presented no support for his assertion that the State was required to consider, or credit, his defensive theory, or that the State was required to call a rebuttal witness. The State had the burden at his trial of proving beyond a reasonable doubt that petitioner was guilty of the sexual assault of a child as charged in the indictment. By its unanimous verdict,

the jury determined that the State had met its burden, and this Court and the state courts have determined that the evidence is sufficient to support that verdict. The federal constitution does not require that the State give any weight to petitioner's defensive theory, especially when his theory, at most, explains why he had sex with a child in March of 2005 rather than in June of 2005, as it was described by the complainant at trial. While the State could have chosen to call a rebuttal witness if necessary to prove is case, the prosecutor decided not to do so, and the jury found petitioner guilty beyond a reasonable doubt. Petitioner's fourth and sixth grounds for relief are without merit.

With regard to petitioner's seventh ground for relief, it is both procedurally barred and without merit. This claim was held to be defaulted at the state habeas level based on the independent and adequate state procedural basis that the claim could have been, but was not, raised on direct appeal, and petitioner has not shown cause and prejudice for this procedural default. *Harris v. Reed*, 489 U.S. at 262; *Brewer v. Quarterman*, 466 F.3d at 347. When considered on its merits, this claim also fails. Petitioner asserts that the State erred in calling the "proper" outcry witness because the State called the complainant's aunt but should have called a different aunt instead. (Pet. at 7; Mem. 12-13). Petitioner believes that the testimony from this witness would have been more favorable to him. While the State has the ongoing obligation to inform the defense about any potential mitigating or exculpatory evidence, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), it has no constitutional obligation to call witnesses that may be more favorable to the defendant.

To the extent that petitioner is complaining that the State erred in presenting testimony from an outcry witness, as noted earlier, the testimony was presented as evidence of extraneous acts by petitioner against the complainant. Such testimony is admissible under state law. *See McCoy v. State*, 10 S.W.3d 50, 54 (Tex. App.–Amarillo 1999) (holding that testimony from an investigator

19

that the victim told her of other sexual abuse by the defendant was admissible as relevant to the previous relationship between the defendant and the victim). The State did not err in presenting this testimony. Petitioner's fourth, sixth, and seventh grounds are without merit.

### VII. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### VIII. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 17th day of November, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE