**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID LYNN MOSS,** | ) | |
| **ID # 1457658,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:11-CV-0411-M-BH** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Motion for Relief Pursuant to Rule 60(b)(6) Federal Rule of Civil Procedure,* received on July 25, 2013 (doc. 30).  Based on the relevant filings, evidence and applicable law, the motion for relief from judgment should be **DENIED**.

## I.  BACKGROUND

On March 1, 2011, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Dallas County conviction for sexual assault of a child in Cause No. F06-61826, allegedly insufficient evidence, ineffective assistance of counsel, and alleged errors by the prosecution and trial.  (doc. 2.)  On December 19, 2011, the Court entered judgment denying the habeas petition on its merits.  (doc. 20.)  The petitioner appealed, and the Fifth Circuit affirmed the judgment on August 3, 2012.  *See Moss v. Thaler*, No. 12-10181 (5th Cir. Aug. 3, 2012).  His petition for writ of certiorari was denied by the Supreme Court on February 19, 2013.  *See Moss v. Thaler*, No. 12-7677 (U.S. Feb. 19, 2013).

The petitioner now seeks relief from judgment under Rule 60(b) on grounds that the analysis

of his claims was flawed in several respects. (doc. 30 at 8-23.)

## II.  RULE 60(b)

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).  *See* FED. R. CIV. P. 60(c)(1).

Because the petitioner has filed his motion more than one year after judgment was entered in his case, and he does not argue that the judgment is void or that it has been discharged, it is properly construed as arising under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be

liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the petitioner simply re-urges the same grounds that he previously presented. He had a fair opportunity to present his claims, his claims were denied on their merits, and his appeal of the judgment was denied by both the Fifth Circuit and the Supreme Court. The petitioner has shown no extraordinary circumstances that demonstrate a reason to disturb the final judgment in this case, and his motion for relief from judgment should be denied.

### III. RECOMMENDATION

The *Motion for Relief Pursuant to Rule 60(b)(6) Federal Rule of Civil Procedure,* received on July 25, 2013 (doc. 30), should be **DENIED**.

**SIGNED this 29th day of July, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4